UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FAHEEM JAFAR WALEE,
  aka Gary Lee Williams,

　　　Plaintiff,

v.                                                                           Case No. 8:04-cv-141-T-23TGW

JAMES V. CROSBY, JR., *et al.*,

　　　Defendants.
_____/

**O R D E R**

　　　Walee's Section 1983 civil rights complaint alleges that defendants violated his right to the free exercise of his religion by preventing him from using his religious name in conjunction with the name under which he was committed to the Department of Corrections (DOC). The defendants' motion to dismiss (Doc. 11) was granted in part and Walee was ordered to clarify the remaining issue (Doc. 11). Consequently, the only issue to resolve is whether the defendants are violating Walee's right to the free exercise of his religion by not using his religious name when announcing inmates eligible to attend religious services. The defendants request summary judgment (Doc. 29) and Walee opposes (Doc. 31). Having considered the arguments of the parties, this court concludes that the defendants are entitled to summary judgment.

Summary judgment is proper "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56.  See *In re Optical Technologies, Inc.*, 246 F.3d 1332, 1334 (11th Cir. 2001).  The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact.  *Johns v. Jarrard*, 927 F.2d 551, 555 (11th Cir. 1991).  The material before the court must be viewed in the light most favorable to the non-moving party and show that the non-moving party is not entitled to relief under any set of facts alleged in the complaint.  *See generally*, *Allen v. Tyson Foods, Inc.*, 121 F.3d 642 (11th Cir. 1997); *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590 (11th Cir. 1995).  Even though allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam), *Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998), the plaintiff's allegations must have factual support.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1321 (11th Cir.) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986))*, reh'g and suggestion for reh'g en banc denied*, 182 F.3d 938 (11th Cir.), *cert. dismissed*, 528 U.S. 948 (1999).

Once the movant presents evidence which, if not controverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue for trial.  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Pennington v. City of Huntsville*, 261 F.3d 1262 (11th Cir. 2001). If the factual context makes one party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Wood v. City of Lakeland*, 203 F.3d 1288 (11th Cir. 2000). *See also Cuesta v. School Bd. of Miami-Dade County*, 285 F.3d 962, 970 (11th Cir. 2002) ("A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'"). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Anderson*, 477 U.S. at 248.

The parties agree on the material facts. Walee must submit a request to the prison chaplain for permission to attend religious services. Walee is allowed to use both his commitment name and his religious name when requesting permission to attend religious services. The chaplain submits a list of names to the classification department, from which a "call-out list" is created identifying inmates who are permitted to attend religious services. The "call-out list" is generated using the DOC's database, which lists inmates alphabetically by their commitment name. Although the database allows the inclusion of religious names as an alias, the database cannot produce a list based on an alias. Consequently, alphabetical lists generated from the database include only the commitment name. The "call-out list" is then used to create a "movement sheet," which is posted in the various housing units. This "movement sheet"

identifies the inmates who are allowed to attend religious services, and as a result, the correctional officers are able to monitor the movement of inmates. The "movement sheet" contains the inmates' commitment name only. The only question remaining in this action is purely a legal question, that is, whether the "movement sheet" must use Walee's religious name in addition to his commitment name.

Both parties agree that Walee's claim is governed by *Hakim v. Hicks*, 223 F.3d 1244 (11th Cir. 2000), *cert. denied*, 532 U.S. 932 (2001), which holds that inmates must be allowed to use both the name under which they were committed and their religious name, commonly called a "dual-name policy." Walee appears to believe that *Hakim* requires the DOC allow him to use his religious name, in conjunction with his commitment name, in all facets of prison life. He is wrong. Although *Hakim* states that a dual-name policy is valid "so long as [the inmate] can obtain *all* related services under the dual-name policy" (emphasis original), *Hakim* was specifically referring to notary services, canteen purchases, and banking transactions, and did not require the DOC to change their database.

> [Hakim] sought to compel the DOC to follow a dual-name policy . . . in the 'Alpha Run' master database of prisoner information. . . . [T]he district court granted summary judgment to the DOC on the database claim. The database, although primarily using the commitment name, includes a (non-searchable) field for aliases, to which Hakim's religious name had been added. Hakim has not appealed these rulings, <u>which in any event were correct.</u>

*Hakim v. State*, 223 F.3d at 1246 (emphasis added). Consequently, the defendants' use of only Walee's commitment name on the "movement sheet," which is created from the alphabetical list that is generated by the DOC's database, is not contrary to *Hakim*.

Accordingly, the defendants' motion for summary judgment (Doc. 29) is **GRANTED**. The clerk shall enter a judgment for the defendants and CLOSE this action.

ORDERED in Tampa, Florida, on March 16, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro